REGAN, Judge.
The plaintff, Raymond F. Bode, the ven-dee of real property, filed this suit against the defendant, Claude J. Pumilia, the vendor thereof, in an endeavor to cancel the sale of two lots located in the Parish of Jefferson, Louisiana, predicated upon the hypothesis that the title thereto was invalid and unmerchantable when he acquired them. He requested injunctive relief prohibiting the negotiation of the promissory note given by him for the purchase price, and also sought to recover $2,941.53, representing the amount which he paid on account thereof.
The defendant answered and denied the invalidity of the title to the property. He then filed a third party petition against Henry L. Muller, his vendor, requesting therein that Muller appear herein and defend the title to the property predicated upon his warranty of the merchantability thereof.
After a trial on the merits was consummated, the lower court rendered judgment in favor of the defendant, and against the plaintiff, dismissing his suit. Judgment was also rendered against the defendant and in favor of the third party defendant, dismissing the defendant’s third party petition. *412 In addition thereto, judgment was rendered declaring title to the property to be valid and merchantable. This portion thereof is the focal point of this case.
The record reveals that the property was purchased on February 4, 1924, by Mrs. Emma Donnelly, wife of David P. Coleman. Mrs. Coleman sold the property on November 30, 1926, to Stafford, Derbes and Roy, Inc., who resold it to her on the same date. Subsequently, Mrs. Coleman died and the property was offered at public sale on February 15, 1954, by Sam J. Recille, acting as dative testamentary executor of the succession of Mrs. Coleman. On this date, Henry L. Muller, the third party defendant herein, purchased the property and on August 30, 1954, transferred a 60% interest therein to Frank Spalitta. On December 17, 1957, Spalitta’s 60% interest in the property was transferred to Sam J. Recille, and it was acknowledged in the sale thereof that Spalitta had been acting throughout this transaction for Recille, who had furnished all of the consideration for the acquisition of a 60% interest therein.
The plaintiff, as we understand his argument, initially insists that the title to the property is defective since the forced heirs of Mr. and Mrs. Coleman possess the right to sue for their legitime. He asserts that Mr. and Mrs. Coleman incorrectly, or maybe with imposture, effected the purchase of the property as Mrs. Coleman’s separate and paraphernal propertjr, to the prejudice of their forced heirs.
Assuming arguendo the legal authenticity of the foregoing reasoning, suffice it to say that the record is entirely devoid of a scintilla of evidence indicating the existence of any forced heirs. Both Mr. and Mrs. Bode very frankly admitted upon cross examination that they possessed no knowledge of the existence of forced heirs. The defendant also offered in evidence the obituary notices of the deaths of David P. Coleman and Mrs. Coleman, both of which disclosed that they had produced no children; in addition thereto, Mrs. Coleman’s will together with her succession proceedings, reveals that she had no forced heirs.
Moreover, the evidence offered herein by the defendant overwhelmingly proved that the property was purchased by Mrs. Coleman with her own separate and paraphernal' funds. A declaration to this effect was inscribed in the act by virtue of which Mrs.. Coleman acquired title to the property, and. Coleman appeared therein and acknowledged the absolute truth thereof. In addition, similar declarations and appearances, by Coleman were inscribed in the aforementioned sale and resale to Stafford,. Derbes and Roy, Inc., in a petition filed int the Civil District Court for the Parish o£: Orleans .requesting authority to borrow funds to acquire the property, and also in a mortgage dated February 14, 1924, by virtue of which the money was in fact borrowed.
Therefore, since the record contains absolutely no evidence relative to the existence of any progeny emanating from either Mr. or Mrs. Coleman, and no evidence demonstrating other than that the property was acquired with her separate and paraphernal funds, the plaintiff’s contention that the property in question was designated as Mrs-Coleman’s separate property to the prejudice of forced heirs is without any merit.
The plaintiff finally argues that when Muller, the third party defendant herein, acquired the property through the medium of a public sale from the succession of Mrs. Coleman, he was acting both for himself and for Sam J. Recille, the dative testamentary executor thereof, who was thus disqualified by law from acquiring an interest in the property subject to his administration. However, the record is likewise devoid of any evidence which could judicially create a prejudicial connection between Recille and Muller. There is no doubt, and. counsel for the third party defendant concedes this as a fact, that when Muller sold' 60% thereof to Spalitta, the latter was acting as the undisclosed agent of Recille. In any event, there is a clear absence of' *413 any evidence in the record which even tends to disclose to us that Muller was acting for Recille when he purchased the property from the succession. On the contrary, Muller’s uncontradicted testimony, supported by cancelled checks, reveals that he furnished all of the purchase price and that he was under no obligation to transfer the property to Recille or to anyone acting in his behalf.
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiff is to pay all costs of this appeal. All other costs are to be apportioned in conformity with the judgment of the lower court.
Affirmed.